HEARD APRIL TERM, 1871.

## FURMAN vs. THE GREENVILLE AND COLUMBIA RAILROAD COMPANY.

It is not correct practice to move in one Circuit an order which, in effect, disregards or treats as null and void a previous order made in the same cause in another Circuit— the last mentioned order having been made, as alleged, upon a misapprehension of fact, and upon the motion being denied bring the matter by appeal before the Supreme Court. The matter complained of should, in some way, be made the subject of consideration by the Court which made the previous order.

BEFORE GRAHAM, J., AT CHAMBERS, CHARLESTON, MARCH, 1871.

This case came before the Circuit Judge on a rule to shew cause— entitled in all three of the causes hereinafter mentioned, and the return thereto. The rule, dated March 6, 1871, is as follows:

"On motion of Campbell & Seabrook, for Charles M. Furman, trustee, and on reference to the decrees and orders heretofore made in these cases, which appear to have been consolidated upon the last named case, and on hearing the statement of Isaac W. Hayne, Esq., it is ordered, that the Greenville and Columbia Railroad Company do shew cause, if any they have and can shew, at the Court House, before me, at Chambers, at 10 o'clock A. M., on Saturday, the eleventh day of March instant, why the costs of Charles M. Furman, trustee, shall not be taxed, not only as costs in the cause between party and party, but also as costs between solicitor and client, against the Greenville and Columbia Railroad Company, together with any just allowances the said Charles M. Furman, as trustee, may be entitled to have.

"And why the same shall not be referred to a special Referee to tax and assess the same, and report to this Court."

The rule was granted upon the following affidavit:

"I. W. Hayne, being sworn, makes oath, that not long after the filing in Richland District of the bill of complaint in the name of C. M. Furman, trustee, in behalf of certain bondholders, against the Greenville and Columbia Railroad Company, he was requested by Governor Orr to give his attention, as Attorney General, (which office affiant then filled) to the case, for the protection of the interests of the State. Affiant was instructed to co-operate with Mr. C. D. Melton, Solicitor of the Greenville and Columbia Railroad Company, and to advise with him, as the interest of the road and the State coincided, and when, in the discretion of affiant, it was proper to do so, to intervene in behalf of the State.

"Governor Orr had the matter much at heart, and was urgent that affiant's best efforts should be made to defeat the purposes of the bill. After being put in full possession of the case, affiant was of opinion that the allegations of the bill, its prayer and purpose, placed Mr. Furman, the trustee, in a false position—a position inconsistent with his duties as President of the Bank of the State, selected as agent of the State, to protect the interests of the State—the very interests which Governor Orr had called on affiant to sustain. As a friend of Mr. Furman, affiant desired that he should put himself right, and, as counsel in the cause, affiant thought it important that the interest represented by him should not have the weight of Mr. Furman's name and authority against it. After one of affiant's visits to Columbia upon this business, but before the Attorney General became a party to the record, affiant sought Mr.

Furman, and explained the whole matter to him. Mr. Furman said that he had never read the bill, or given it a thought. He had simply allowed the use of his name, as he supposed he was bound to do under the provisions of the trust deed, but was then fully aware that it was necessary that he should explain his position. Affiant told him that it was in contemplation to file two cross bills, and that he, Mr. Furman, would be a necessary party to each, and that this would afford the opportunity he desired for explanation. Affiant advised him to employ a lawyer of his own to represent him to the end of the controversy, and to avoid any further complications. He assented, and named James B. Campbell as his solicitor. Affiant immediately saw Mr. Campbell, explained the case to him, and subsequently, throughout the conduct of the three cases, to wit: C. M. Furman, Trustee, *vs.* the Greenville and Columbia Railroad Company; Huger & Phillips *vs.* the Greenville and Columbia Railroad Company, C. M. Furman *et al.*; and I. W. Hayne, Attorney General *vs.* Greenville and Columbia Railroad Company, C. M. Furman *et al.*; Mr. Campbell, on the part of the Trustee, affiant in behalf of the State, and Mr. Melton, representing the Greenville and Columbia Railroad Company, acted in harmony. Affiant is of opinion that this harmony aided greatly in obtaining from Chancellor Lesesne the order of injunction which brought about the final adjustment.

"Affiant will add that before Governor Orr went out of office, he sent to "Hayne & Son," (not the *Attorney General,*) as "a retainer and *on account of fee*" in this case, $250. "Hayne & Son" were continued as solicitors, representing the same interests, after the accession of Governor Scott, by his authority and by the assent of the Attorney General; but up to this time have received no further remuneration. They have never consented to the order of Judge Boozer, and were never consulted as to the discontinuance of the causes.

"Affiant, who is senior partner in the firm of "Hayne & Son," further states, that the consent order by which the two cases originating in Charleston were to be heard in Columbia, "at the next term of the Court," along with the case originating there, was not at the time considered as a permanent removal of these causes. On the contrary, Mr. Magrath, who represented complainants in one case, and affiant, who was complainant in the other, after consultation together, decided to oppose every attempt at a permanent removal of the causes, and, if there was to be a consolidation,

determined to claim that the Columbia case should be sent to Charleston.

"It was never intended to *remove the records*, except for the purpose of the trial *at that term*, and they were accordingly brought back, and are *now* here."

So much of the return to the rule as relates to the only point considered by the Court is recited in the order and statement below given, and need not be here repeated. The case having been heard by his Honor the Circuit Judge, he filed the following order and statement, dated April 4, 1871:

GRAHAM, J. This was a hearing on the return to a rule to show cause why the costs of Mr. Furman, Trustee, should not be taxed against "The Greenville & Columbia Railroad Company," as between solicitor and client.

The return sets forth the following order, and shews for cause why the rule ought to be discharged, "that said order stands unimpeached and undischarged;" "that no appeal therefrom, nor exception thereto, has been taken by the relator;" "that said order, unless modified or set aside, or otherwise changed, operates as a discontinuance of all these cases, and that the relator, Mr. Furman, has no longer any standing in this Court in connection with the above mentioned cases."

The Order is as follows:

"THE STATE OF SOUTH CAROLINA,
RICHLAND COUNTY. } IN EQUITY.

CHARLES M. FURMAN, TRUSTEE,
*vs.*
GREENVILLE & COLUMBIA R. R. CO. } Bill to Foreclose Mortgage.

BENJ. F. HUGER & JOHN E. PHILLIPS,
*vs.*
J. P. SOUTHERN, T. J. ROBERTSON,
GREENVILLE & COLUMBIA R. R. CO. *et al.* } Bill to set up Bonds guaranteed by the State, under the Mortgage of G. & C. R. R. Co.

ISAAC W. HAYNE, ATTORNEY GENERAL,
*vs.*
J. P. SOUTHERN, T. J. ROBERTSON, *et al.* } Information in the nature of a Cross Bill for Injunction.

"By consent of the solicitor engaged in the first named case, which is compromised, it is ordered:

"*First.* That the Clerk of this Court tax the costs in the above

stated cases, and "The Greenville & Columbia R. R. Company" pay the same to the parties interested, getting credit for any sums which they can show has been paid towards the " tax costs " in the case first stated.

"*Second.* It is ordered that the said cases, and all proceedings connected therewith, be discontinued without prejudice.

(Signed) "L. BOOZER.

" 17 August, 1869."

The only question discussed before me was, whether the cases could be and were discontinued by this order, not upon the *words*, for *they* are clear enough, but whether there was any jurisdiction or authority in the Circuit Court for Richland County to discontinue all these cases, and make the order binding upon parties not consenting, and without notice.

The relator himself was absent from the County when the order was made, and his counsel denied (which was not disputed) any notice of it, till near a year after its entry, when he had procured an order for the taxation of costs as between solicitor and client before my predecessor, which was subsequently set aside by me for want of legal notice.

Various other irregularities and objections to this order were urged against its validity and force by the relator's counsel, which will be more fully stated below.

I thought the objection raised in the return well taken, that I could not disregard Judge Boozer's order, that the irregularities complained of must be corrected in the Court of Richland County, where the order was taken, and at once stated my opinion that the rule must be discharged.

I was therefore requested by counsel for relator to put on file, not merely my ruling, but with it a statement of the case, with a view to an appeal, or such further proceedings as he may desire. I cheerfully comply with this request.

The first named case was commenced in Richland District, now County, in May, 1867. The Railroad Company answered 17 June, 1867. B. F. Huger and John E. Phillips, bondholders, answered about the same time, and on the 1st February, 1868, filed their bill, in the nature of a cross bill, in Charleston District, now County. It is the *second* entitled of the three cases.

On the 30th March, 1868, Isaac W. Hayne, Attorney General, as such, on behalf of the State, filed an information in the nature

of a cross bill and bill for injunction and relief, also, in Charleston County, then District, and on the 1st day of April, 1868, on motion of the Attorney General, the following order was made by Chanceller Lesesne :

"ISAAC W. HAYNE, ATT'Y GEN'L SOUTH CAROLINA,

vs.

"THE GREENVILLE & ·COLUMBIA RAIL ROAD COMPANY.

"Upon hearing the information filed by Isaac W. Hayne, Attorney General, on behalf of the State in the above case, on motion of the said Attorney General, It is ordered, that Thomas C. Perrin, of Abbeville District, the Executor of James M. Perrin, John B. Earle, of Greenville District, and George Sims, of Richland District, parties who are represented as having commenced suit at law in the Court of Common Pleas sitting for their Districts respetcively, against the Greenville & Columbia Railroad Company, be, and they are hereby enjoined and restrained from the further prosecution of said suits at law, without leave had and obtained from this Court; and writs of injunction are hereby ordered to issue from the Register of this Court, against the said Thomas C. Perrin, John B. Earle and George Sims, requiring their observance of the above order.

"It is further ordered, That all separate proceedings in the cases in equity of Charles M. Furman, Trustee, against the Greenville and Columbia Railroad Company, instituted in the District of Richland, and of Benjamin F. Huger and John E. Phillips, Trustee, against the Greenville and Columbia Railroad Company, instituted in the District of Charleston, be stayed : that the said cases from the date of this order be considered as consolidated with the above case, and that all future orders and proceedings in any of these cases be taken as in the case of the 'Attorney General against the Greenville and Columbia Railroad Company, C. M. Furman, Trustee, et al," and that parties to the two first named cases be notified of this order.

"It is further ordered, that all persons whatever, having claims against the Greenville and Columbia Railroad Company, be, and they are hereby, stayed, restrained and enjoined from instituting and carrying on any suit or suits, or proceeding or proceedings, in any Court in this State, against the Greenville and Columbia Railroad Company, except by proceedings in this case, or by leave of

this Court first obtained, and that this order be published by James Tupper, Esquire, one of the Masters of this Court, in at least one paper each in Charleston, Columbia and Greenville.

" It is further ordered, that the above orders are without prejudice to the equities of the parties concerned, and that upon the coming in of the answers, and due notice given, application may be made to annul or modify the same.

(Signed) " HENRY D. LESESNE.
" April 1, 1868.
" Filed April 1, 1868."

It was shown, and not denied, that none of the parties to the two last named cases had notice of the motion before Judge Boozer, or consented to his order. It appeared that on the 25th day of May, 1868, on motion of McGowan & Cothran, of counsel for some of the defendants, who appear to have been also solicitors for the complainants in the case instituted in Richland, Chancellor Lesesne made the following order :

" ISAAC W. HAYNE, ATTORNEY GENERAL,

*vs.*

" THE GREENVILLE AND COLUMBIA RAILROAD COMPANY, *et al.*

" By order granted in this case the 1st April, 1868, it was declared that the order was without prejudice to the equities of the parties concerned, and upon the coming in of the answers and notice given, application may be made to annul or modify the same.

" The answers of Thomas C. Perrin, executor, John P. Southern, Benjamin F. Huger, John E. Phillips, trustee, and others, having been filed and argument heard :

" On motion of McGowan & Cothran, of counsel for some of the defendants, it is ordered, that the information of Isaac W. Hayne, Attorney General of South Carolina, and the bill of complaint of Benjamin F. Huger and John E. Phillips, trustee, filed in this Court for the District of Charleston, considered in the nature of cross bills to the bill of Charles M. Furman, trustee, against The Greenville and Columbia Railroad Company, and the mortgage creditors of the same, filed in Richland District, together with all the answers and proceedings had in said cases in Charleston District, be heard in connection with the case of Charles M. Furman, trustee, at Columbia, during the ensuing term of the Court of Equity for Richland District.

28

"It is further ordered, that this order is without prejudice to the equities of any of the parties concerned, and intended merely to bring the whole case before the Court at the same time.

"It is further ordered, as condition of the foregoing order, that John P. Southern and Thomas J. Robertson do file their answers, respectively, in the cases of Benjamin F. Huger and John E. Phillips, trustee; and that such answers be placed on the file of the Court within ten days from the date of this order.

"In Chambers.

          (Signed)        "HENRY D. LESESNE.

"25th May, 1868.

"Filed 10th June, 1868."

The pleadings and records of all the causes were not removed, but remained where they were originally filed. The Charleston record was carried to Columbia for the hearing, by the Register of the Court in person, and by him brought back and restored to the file in Charleston. And again: on the 19th day of June, 1868, on motion of Hayne & Son, the same Chancellor made the following order:

"ISAAC W. HAYNE,

*vs.*

"THE GREENVILLE AND COLUMBIA RAILROAD COMPANY.

"On motion of Hayne & Son, Solicitors, it is ordered, that the former order directing the hearing of this cause, and also the cases of 'B. F. Huger *vs.* The Greenville and Columbia Railroad Company,' and 'C. M. Furman, Trustee, *vs.* The Greenville and Columbia Railroad Company,' be discharged, and the hearing continued.

"It is further ordered, that the information above stated be amended by making C. D. Melton, trustee, under the mortgage of the Greenville and Columbia Railroad to him, a party defendant in the case.

"It is further ordered, that the order hereinbefore made, calling in a certain class of bond creditors, be enlarged, so that public notice be given to all persons claiming to be bond creditors of 'The Greenville and Columbia Railroad Company,' secured by any lien in the nature of a mortgage, whether such mortgage has been executed by the said Company, or is in the nature of a statu-

tory lien, to prove their several claims, designating the security claimed, as that claimed to be the security for the bonds as proved.

"And it is further ordered, that the time for making such proof be extended to the first day of January next.

"It is further ordered, that D. B. DeSaussure, Commissioner in Equity for Richland District, be charged with the execution of the duties to be performed under this order, and that he have leave to report any special matters, all equities in the proceedings being reserved.

(Signed) "HENRY D. LESESNE."

" We consent:

"HAYNE & SON.  "S. McGOWAN,
"PERRIN & COTHRAN,  "MELTON & MELTON,
"MAGRATH & LOWNDES.  "W. F. DESAUSSURE."

And again, on the 26th day of December, 1868:

"CHARLES M. FURMAN, TRUSTEE,
*vs.*
"THE GREENVILLE AND COLUMBIA R. R. Co.

"B. F. HUGER, *et al.*,
*vs.*
"THE GREENVILLE AND COLUMBIA R. R. Co.

"ISAAC W. HAYNE, ATTORNEY GENERAL,
*vs.*
"THE GREENVILLE AND COLUMBIA R. R. Co., *et al.*

"It having been made to appear to the Court, that owing to the illness of the Commissioner in Equity for Richland District, the order in the said case, made on          day of          , 1868, could not be executed, on motion of Magrath & Lowndes, Solicitors of John C. Phillips, J. T. Welsman, B. F. Huger, Greenville & Columbia Railroad, *et al.*, it is ordered, that these parties, and others represented by the said Solicitors, have until the 1st February, 1869, to file their proof of claims in these causes.

(Signed) "HENRY D. LESESNE.
"26 December, 1868."

The next proceeding in the case is the order of Judge Boozer, of 17th August, 1869, recited above. My attention was not called to

any other proceeding in any of the causes bearing upon the question before me, or affecting in that respect the relator or the defendant. I did not consider the proceedings before my immediate predecessor, which had been set aside, as having any influence on the question before me, and they were not referred to by either party, so far as I can recollect.

It was alleged, and not denied, that the other parties, except the relator, had acquiesced in Judge Boozer's order, and accepted their costs under it. It was admitted that the relator had not been paid or acquiesced in that order.

It was urged upon me, in behalf of relator—

1st. That under the order of Chancellor Lesesne, of 1st April, 1868, all the cases were consolidated and pending in Charleston.

2d. That the order of 25th May, 1868, only appointed a hearing in Richland, and did not remove or transfer the cause from Charleston.

3d. That no hearing having been had "at Columbia, at the ensuing term of the Court of Equity for Richland District," the order for hearing there was at that term of the Richland Court, namely, 19th June, 1868, discharged and the hearing continued.

4th. That the discharge of the order necessarily worked a discharge of the hearing at Columbia; that the words, "and the hearing continued," could mean nothing less, because the discharge of the order took away the jurisdiction to hear two at least of the cases. To continue a case is to postpone it—to continue a hearing would usually mean to go on with it, which it clearly did not mean here, but to postpone; and in connection with a discharge of the order giving jurisdiction, it meant an indefinite postponement, and remitted two at least of the cases to their proper jurisdiction.

5th. That if there had been any transfer, it was a transfer of the Richland case to Charleston, by the order consolidating them taken, at Charleston, 1st April, 1868, which all the parties acquiesced in and acted on.

6th. That there having been no transfer of the records when the order of August, 1869, was made, and the law having been changed, the Circuit Judge of the Fifth Circuit had no jurisdiction of the causes in the Fifth Circuit; consent, even if there had been any, could not give jurisdiction.

The respondents insisted that the proper and only remedy, if any, for the rights, if any, of the relator, must be had under the order of Judge Boozer, or by some modification or enlargement of it, or

by appeal from it, or by some new and independent suit, action or proceeding.

I sustain their view, and it is thereupon adjudged and ordered that the rule be discharged.

The relator, Charles M. Furman, appealed from the order of His Honor Judge Graham, and also from the order of His Honor Judge Boozer, filed at Columbia, August 17, 1869, upon which the first named order rests, for the reasons and grounds urged before His Honor Judge Graham, and restated in his statement of the case appended to his order:

1. Because His Honor Judge Graham erred in not deciding that the order of Judge Boozer, of August 17, 1869, was irregular for want of notice, want of consent, and want of jurisdiction in two, at least, of the cases, and, as he claims, in all of them, and that the same was therefore not of force to discontinue or dismiss the cases pending at Charleston, but in that respect null and void.

2. Because, if said order is in fact binding while standing of record and unchanged, it ought to be set aside for the reason that it was irregularly and unfairly taken, without notice, without consent, and without jurisdiction.

*Campbell & Seabrook,* for appellant.

*Chamberlain,* contra.

Aug. 7, 1872. The opinion of the Court was delivered by

WILLARD, A. J. The above entitled cases were discontinued under an order of the Circuit Court of the Fifth Circuit, made by Judge Boozer, August 17, 1869, in which a final disposition of all questions of costs was made.

On the 6th of March, 1871, a motion was made in the First Circuit in behalf of C. M. Furman, trustee, complainant in the suit first above named, for a taxation of his costs as against the Greenville and Columbia Railroad Company, and as between himself and his attorney, and for such allowance as he might be entitled to, and for the appointment of a special Referee to tax and assess the same. The motion was denied by an order made by Judge Graham on the 4th of April, 1871. This decision of Judge Graham is based on the ground that the order of Judge Boozer was final as affecting the application before him.

The present appeal is from the order last mentioned, and advances the proposition that the order of Judge Boozer should have

been disregarded as null and void, or, that it should have been set aside as irregular, unfairly taken, without notice, without consent, and without jurisdiction.

No ground whatever is presented, by the case before us, for holding that Judge Boozer's order was null and void. It professes to be based on the consent of the solicitors in the case of *Furman* vs. *The Greenville and Columbia Railroad Company.*

If such consent was actually given, it bound the present appellant.

It was claimed, however, that no such consent had, in point of fact, been given. If such was the case, the course of the party was, in due time, to move the Circuit Court, where the order was made, to correct any misapprehension of the facts that may have misled the Court in making the order. It was not correct practice to ask the Circuit Court of a different Circuit from that which made the order, either to disregard it or to set it aside for irregularity, nor to bring the order, by appeal, into this Court, without making it the subject of consideration by the Court that passed it.

The conclusions of Judge Graham are unobjectionable upon the state of facts brought before us.

The order should be affirmed, and the appeal dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.